﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/18 Archive Date: 11/29/18

DOCKET NO. 180808-212
DATE: November 29, 2018
REMANDED
Entitlement to service connection for a psychiatric disability is remanded.
REASONS FOR REMAND
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. 
The Veteran served on active duty from May 2006 to April 2010. He maintains his current psychiatric disability had its onset in service. See August 2018 statement from the Veteran. 
After a thorough review of the record, the Board finds that remand is necessary to ensure due process is followed and there is a complete record upon which to decide the Veteran’s claim. 38 U.S.C. § 5103; 38 C.F.R. § 3.159.
The Veteran has not yet been afforded a VA examination regarding his claim for service connection for an acquired psychiatric disability. In relevant part, service treatment records (STRs) show a September 2006 assessment of adjustment disorder with anxiety and a March 2010 physical evaluation board diagnosis of anxiety disorder. The record also shows evidence of current diagnoses of several psychiatric disabilities, including depression and posttraumatic stress disorder. See 2016 VA outpatient treatment records. The Board finds that such evidence is more than sufficient to meet the threshold requirements for affording the Veteran a VA examination. See McLendon v. Nicholson, 20 Vet. App. 79, 81-84 (2006); see also 38 U.S.C. § 5103A(d)(2); 38 C.F.R. § 3.159(c)(4). 
Significantly, the Veteran’s claim was denied in the June 2018 rating decision on the basis that his acquired psychiatric disability preexisted his military service and that any in-service aggravation of that disability was attributable to a motor vehicle accident (MVA) that was deemed to be not in the line of duty. However, the Veteran’s STRs show that on service entrance physical examination, his psychiatric system was evaluated as clinically normal. Additionally, as noted above, the Veteran was also seen for an adjustment disorder and anxiety prior to his MVA in December 2006. Therefore, this claim must be remanded for a VA examination and medical opinion.
The matter is REMANDED for the following action:
Schedule the Veteran for a VA examination with an appropriate examiner to determine the nature and etiology of all acquired psychiatric disabilities. The Veteran’s claims file (to include this decision) must be reviewed by the examiner in conjunction with the examination. Upon examination and interview of the Veteran, and review of pertinent medical history, the examiner should provide opinions responding to the following:
a) Based upon the examination results and review of the record, the examiner should identify the existence of all acquired psychiatric disabilities present during the course of the claim. 
b) Is there clear and unmistakable (obvious, manifest, or undebatable) evidence that any diagnosed acquired psychiatric disability preexisted the Veteran’s active duty service?
c) If it is determined that an acquired psychiatric disability clearly and unmistakably preexisted service, is there clear and unmistakable (obvious, manifest, or undebatable) evidence that the preexisting acquired psychiatric disability was not aggravated beyond the natural progression of the condition?
The term “aggravated” in the above context refers to a permanent worsening of the underlying condition, as contrasted to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability.
d) If any diagnosed acquired psychiatric disability did not clearly and unmistakably preexist service, did it at least as likely as not (50 percent probability or greater) have its onset during service or is it otherwise related to service?
In rendering the above opinions, the examiner must specifically consider and discuss the Veteran’s service treatment records.
The examiner also is advised that the Veteran is competent to report his symptoms/history and that such reports must be acknowledged and considered in formulating any opinion. If his reports are discounted, the examiner should provide a reason for doing so. 
A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.
 
A. ISHIZAWAR
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD K.R.Fletcher, Counsel